**UNITED STATES of America**

v.

**Jose RIVERA, Defendant.**

**No. CR 92–1096.**

United States District Court, E.D. New York.

May 19, 1993.

---

8. In this case, plaintiffs have not yet attempted to grieve their FLSA claims.

Mary Jo White, U.S. Atty. by Joseph Nocella, Brooklyn, NY, for the U.S.

Edwin A. Rollins, New York City, for defendant.

### SENTENCING MEMORANDUM AND ORDER

WEINSTEIN, Senior District Judge.

Defendant Jose Rivera, a 33–year–old United States citizen, resides in Brooklyn. In September 1992 he arrived at John F. Kennedy International Airport from Colombia. An x-ray revealed foreign bodies in his digestive tract. After retrieval they were reported by the Drug Enforcement Administration laboratory to contain 709.9 grams of 90 percent pure heroin.

The Sentencing Guidelines provide that the base offense level for an offense involving between 700 grams and one kilogram of heroin is 30. Guidelines § 2D1.1(c) (drug quantity table). This defendant was entitled to a four-point reduction for his minimal role in this offense and a three-point reduction for his acceptance of responsibility. Guidelines §§ 3B1.2(a) and 3E1.1. Based on an adjusted offense level of 23 and a criminal history category of I, defendant's Guidelines sentencing range would be 46 to 57 months imprisonment.

Because the quantity of heroin allegedly imported by defendant was so close to the 700 gram threshold for a base offense level of 30, he sought to have the weight of the drugs recalculated prior to sentencing. Given the sampling techniques used by the government's chemists, the possibility of error in allowances for the weight of the balloons in which drugs are packaged for swallowing, and the possible errors in our overburdened chemical laboratories, some discrepancies in measuring and analyzing drugs are to be expected. Because the laboratories are not up-to-date in their reports, any reanalysis would have resulted in a long sentencing delay.

Rather than undertake a second analysis of the drugs, the government recommended at sentencing that—in view of the fact that the difference between the calculated weight of the drugs and the Guidelines threshold was "within the margin of error"—the defendant be given the benefit of the doubt and sentenced pursuant to a base offense level of 28, predicated upon between 400 and 700 grams of heroin.

The court adopted the government's recommendation and sentenced defendant pursuant to an adjusted offense level of 21. The decrease in two levels permitted the court to sentence defendant, at the appropriate low end of the scale, to 37 months imprisonment, five years supervised release and a $50 assessment. It should be noted that this prison term is far greater than the ten months to a year such a "drug mule" would have served prior to the Guidelines.

The lack of deterrent effect of the quantities set in the Guidelines has already been adverted to. *See United States v. Ekwunoh,* 813 F.Supp. 168, 178–79 (E.D.N.Y.1993). Were mules of this kind deterrable and affected by the drug quantity criteria of the Guidelines, defendant would have known of the 700–gram cutoff and swallowed 699+/− rather than 707+/− grams, since the eight grams difference in weight would risk an 11 months difference in prison time.

The rigid manner in which the Guidelines key prison terms to drug quantities sometimes places severe stress on fundamental principles of the criminal law such as the requirement of *mens rea.* *See generally United States v. Ekwunoh,* 813 F.Supp. 168 (E.D.N.Y.1993). If we are going to split grams in arriving at the "just" sentence for a particular defendant—in cases in which the defendant's mental state with respect to what he or she was carrying is rarely calibrated with the precision of the government's scales—we should at least refrain from holding the defendant responsible for more than he or she actually possessed. Where deprivation of liberty is at stake, a rule that might

result in occasional undercounting is preferable to one that could result in overcounting. *See In re Winship*, 397 U.S. 358, 368–75, 90 S.Ct. 1068, 1074–79, 25 L.Ed.2d 368 (1970) (Harlan, J., concurring) (burden of proof beyond a reasonable doubt represents decision that erroneous acquittals are preferable to erroneous convictions).

For purposes of Guidelines § 2D1.1(c), where the weight of narcotics as calculated by the government is within a reasonable "margin of error" at the cutoff point between two base offense levels, the defendant may be sentenced pursuant to the lower of the two base offense levels.

SO ORDERED.